the penalty provided for acting as real estate broker without a license. The Appellate Division held that the judgment in the former action was *res adjudicata* of this and directed a dismissal of the complaint.

*Sim C. Binder* and *Nathaniel H. Kramer* for appellant. *Reuben Dorfman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

In the Matter of the Proceedings of IMMACULATA CAPOZZI, Individually and as Executrix of VINCENZO CAPOZZI, Deceased, Appellant, against HARRISON G. HUNT et al., as Executors of DANIEL HUNT, Deceased, Respondents.

*Decedent's estate — lease — covenants — claim against estate for breach of covenant of quiet enjoyment contained in lease made by decedent of lands held by him as life tenant — eviction of tenants by remaindermen — dismissal of claim on ground tenants had notice of extent of decedent's interest in lands.*

*Matter of Hunt*, 211 App. Div. 801, affirmed.

(Submitted January 15, 1926, decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 21, 1924, which affirmed a decree of the Westchester County Surrogate's Court disallowing the claim of the petitioner herein against the estate of Daniel Hunt, deceased, based upon an alleged breach of covenant of quiet enjoyment contained in a lease of real property made by decedent to claimant and her husband, since deceased. The lessor had only a life estate in the demised premises and upon his death, during the term of the lease, the remaindermen evicted the tenants. The surrogate held " that the lessees had actual notice at the time of the execution of the lease of May, 1913, that Daniel Hunt had only a life estate or tenancy in the leased premises and this notice is presumed to continue and there was no fraud on the part of the lessor or with-

holding of information or knowledge that misled the lessees, and there was no payment of rent in advance under said lease by said lessees, and in view of the foregoing there is no liability for compensatory damages."

*Benjamin I. Taylor* for appellant.

*William Baruch, Henry K. Heyman* and *Thomas Holden, Jr.*, for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

CORA B. LUCE, as Administratrix of the Estate of WALTER M. LUCE, Deceased, Appellant, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Respondent.

*Former adjudication — negligence — railroads — dismissal of complaint in action under Federal Employers' Liability Act to recover for death alleged to have been caused by violation of Federal Boiler Inspection Act — second action upon theory of negligence of fellow-servants and failure to promulgate rules barred.*

*Luce* v. *N. Y. C. & St. L. R. R. Co.*, 213 App. Div. 374, affirmed.
(Submitted January 15, 1926; decided February 24, 1926.)

APPEAL from a judgment entered November 9, 1925, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint and granted said motion on the ground that there is an existing final judgment of the Supreme Court, rendered on the merits determining the same cause of action between the parties herein. The complaint in the first cause of action, brought under the Federal Employers' Liability Act, to recover for the death of plaintiff's intestate alleged a violation of the Federal Boiler Inspection Act and plaintiff recovered a verdict, but on appeal to the Appellate Division the judgment was reversed and the complaint dismissed on the ground that there was no proof of a violation of the Boiler Inspection Act. (209 App. Div. 728; affd., 239